UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                        Case No. 8:23-cr-134-WFJ-SPF-1

**DAMOND ALFORD**,

    Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS

This matter came before the Court on January 3, 2024, for an evidentiary hearing on Mr. Alford's Motion to Suppress (Doc. 34). The Motion sought to suppress evidence seized, and derived from, two vehicle stops and impoundments of Mr. Alford's car by the Tampa Police Department ("TPD"). The Court received cogent pleadings and argument from both sides, as well as evidence including two law enforcement witnesses and several exhibits. The Court denies the Motion; reminding the parties of their special trial setting later this month.

The credible evidence shows that at the first traffic stop, on August 2, 2020, Mr. Alford was asleep at the wheel, with his car in traffic. It was dark, 9:39 pm, and the smell of marijuana was prevalent. When roused Mr. Alford appeared confused. After field sobriety tests were conducted, Mr. Alford was arrested for driving while impaired. A gun was seen in his waistband while he was being handcuffed, and on

his person was a small amount of marijuana. His criminal history showed a prior felony, thus rendering felonious his possession of the gun.

The TPD officer was required to impound Alford's car as TPD requirements mandate impoundment of all cars "in DUI arrest cases and in all cases where the mental capacity of the vehicle owner is questionable due to alcohol or drug consumption…." TPD SOP 322, III(C) ("**all** such vehicles will be impounded.") (emphasis in original). Doc. 39-1 at 2. There was no one else at the scene who could possibly have assisted Mr. Alford in driving the car away. The car was subject to impoundment under uniform, set and routine TPD procedures. In short, the car was lawfully stopped and lawfully impounded. The TPD officer followed the city's impoundment regulations. The officers were not required to leave the car sitting vacant in traffic or wait until Mr. Alford became unimpaired to permit him (presumably from the jailhouse) to call someone to retrieve the car.

A proper and contemporaneous inventory search revealed four debit cards not in Mr. Alford's name, as well as a bank benefits letter also not in his name. These, on their face, are incriminating as likely evidence of a crime. No reasonable innocent explanation exists or was proffered for Mr. Alford to possess five personal identification documents of other people, four of which yield cash and/or purchase items. Moreover, Florida statutes expressly prohibit the possession of debit cards of another without permission. These facts were not the type of delayed search of a

notebook or diary, as was seen in *United States v. Khoury*, 901 F.2d 948 (11th Cir.), *opinion modified on denial of reh'g,* 910 F.2d 713 (11th Cir. 1990). The inventory searches on both stops were within the guidance set by *Colorado v. Bertine,* 479 U.S. 367, 372–74 (1987); *see also United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). The officers followed set procedure and did not conduct "a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells,* 495 U.S. 1, 4 (1990).

Although not directly relevant here, it is worth noting that Mr. Alford subsequently pled guilty in state court to the crimes from this August 2 incident as charged by TPD. He entered guilty pleas to carrying a concealed firearm, felon in possession of firearm, and driving under the influence. Case No. 20-CF-008870 (13th Judicial Circuit). This may be why Mr. Alford does not argue that his stop and subsequent arrest were pretextual or unlawful.

The parties did not discuss at the hearing the probable cause issue. But the fresh smell of marijuana emanating from the car and its impaired, odiferous driver would create probable cause to search the car and any places therein where marijuana could be located. *See generally California v. Carney,* 471 U.S. 386, 394–95 (1985) (approving warrantless search of stationary motor home with probable cause); *Pennsylvania v. Labron,* 518 U.S. 938, 940 (1996) (car search without warrant; police saw occupants conducting drug activity prior to stop); *United States v. Watts,*

329 F.3d 1282, 1286 (11th Cir. 2003) (warrantless search of parked car justified by mobility inherent in automobiles).  Likewise, Mr. Alford, a known felon, carried a loaded pistol.  There was a real possibility that bullets or casings could be in his car which might be additional crimes.

One week later, on the night of August 8, 2020, Mr. Alford was stopped in the same car driving the wrong way down a one-way street.  He again smelled of marijuana.  Once stopped, Mr. Alford stated he had "weed" and voluntarily handed the TPD officer a large bag of marijuana (over 120 grams) with four small bags therein.  The officer knew this was indicative of marijuana sales.  Mr. Alford was placed under arrest.  Over $7000 in cash was on his person as well as a debit card in another's name.  The officer made the decision to impound the vehicle (no one else was present to assist Mr. Alford in its removal) under the state contraband forfeiture act. Doc. 39-3 at 1.  A digital scale was also found in the vehicle during the inventory search.  And the contemporaneous inventory yielded a ledger sheet showing various persons names, dates of birth, social security numbers, and email addresses.

Just as in the first traffic stop, Mr. Alford pled guilty to state law crimes, possession of cannabis and possession of drug paraphernalia, arising from this second, August 8 arrest.  Case No. 20-CF-008870 (13th Judicial Circuit).  Like the first stop, this second stop was an appropriately-conducted inventory search following TPD guidance, and probable cause existed to search the vehicle from

4

which marijuana odors had emanated and in which trafficking-style drugs and likely proceeds were transported and produced by the driver.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's Motion to Suppress (Dkt. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 11, 2024.

>	*/s/ William F. Jung*
>	**WILLIAM F. JUNG**
>	**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record