UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No: 8:23-cr-00134-WFJ-SPF-1

DAMOND ALFORD
        Defendant.
_____/

## PRELIMINARY FORFEITURE ORDER

This matter comes before the Court on the Government's Motion for Preliminary Forfeiture. Dkt. 125. Defendant Damond Alford ("Alford" or "Defendant") filed a Response in Opposition. Dkt. 127. After careful consideration, the Court grants the Motion for Preliminary Forfeiture.

## BACKGROUND

Defendant Damond Alford was charged in an Indictment with trafficking in and using unauthorized access devices under 18 U.S.C. § 1029(a)(2) (Count One) and aggravated identity theft under 18 U.S.C. §§ 1028A(a)(1) and (2) (Counts Two & Three). *See* Dkt. 1. The Indictment contains forfeiture allegations putting Defendant on notice that, pursuant to 18 U.S.C. § 982(a)(2)(B), the Government would seek an order of forfeiture in the amount of approximately $767,000, representing the proceeds of the violation. *Id.* at 4. Following a two-day jury trial,

on June 18, 2024, the jury returned a verdict finding Alford guilty on all counts in the Indictment. *See* Dkt. 119; Dkt. 1.[1]

## LEGAL STANDARD

The forfeiture proceeding in this case is governed by 18 U.S.C. § 982(a)(2)(B), which provides for the forfeiture of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of trafficking in and using unauthorized access devices under 18 U.S.C. § 1029(a)(2).

Rule 32.2 of the Federal Rules of Criminal Procedure ("Rule(s)") governs the procedures for imposing criminal forfeiture. Rule 32.2(b)(1)(A) requires that "[a]s soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Rule 32.2(b)(1)(A). Under the rule, "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." *Id.*

The Government bears the burden of establishing that the property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c)(1) (civil); *United States v. Hasson*, 333 F.3d 1264, 1277-78 (11th Cir. 2003) (criminal). Where

---

[1] 18 U.S.C. §§ 1028A(a)(1) and (2) has no forfeiture provision. This Preliminary Forfeiture Order only involves the violation of 18 U.S.C. § 1029(a)(2) in Count One.

the government seeks the forfeiture of specific property, courts consider "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). To make a forfeiture determination, the Court may rely "on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Rule 32.2(b)(1)(B). The Federal Rules of Evidence do not apply. *See* Fed. R. Evid. 1101(d)(3). Determining the forfeiture amount is not a precise calculation: "[n]umerous cases have upheld reasonable estimates for calculating criminal forfeiture." *United States v. Mazkouri*, 945 F.3d 293, 306–07 (5th Cir. 2019) (collecting cases). "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." Rule 32.2(b)(1)(B).[2]

After the Court makes a forfeiture determination, "it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Rule 32.2(b)(2)(A). Rule 32.2 also requires that "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Rule 32.2(b)(2)(B). "If, before sentencing, the

---

[2] Neither the Government nor Defendant have requested a hearing.

3

court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment," the Court may enter a general preliminary order of forfeiture. Rule 32.2(b)(2)(C).

## DISCUSSION

For reasons explained below, the Court finds that the Government has met its burden to establish by a preponderance of the evidence the requisite nexus between the money it seeks to forfeit and Defendant's offense in Count One.

### I. Nexus between Money and Offense

The Government argues that Defendant should be required to forfeit $313,062[3] based on at least 57 occasions where Alford used personal identifying information to apply for unemployment insurance benefits. Dkt. 125 at 3. Specifically, debit cards containing unemployment insurance benefits were mailed and used by Defendant to withdraw thousands of dollars. *Id.* The Government directs the Court's attention to Government's Exhibit 14, which contains a summary of the fraudulent unemployment insurance payments attributed to Defendant. *Id.* Alford responds by noting the full contents of Government's Exhibit 14 "were not proven at trial, and therefore, do not establish that Mr. Alford is liable for $313,062 in a forfeiture amount." Dkt. 127 at 2. Further, Defendant argues the Government "only

---

[3] Because the Government could not locate the specific property constituting or derived from the proceeds Defendant obtained from his trafficking in and using unauthorized access devices, the Government seeks an order of forfeiture against Defendant in the amount of proceeds he obtained from his offense. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

4

established that Mr. Alford made two withdraws from the bank cards at issue," which totaled $1,480. *Id.* at 2 (citing Dkt. 126 ¶ 13 & 14).

After a review of the trial transcripts and admitted exhibits, the Court finds there is a sufficient nexus between the 57 occasions of fraudulent unemployment insurance payments and the $313,062 requested for forfeiture. As allowed under Rule 32.2(b)(1)(B), the Court looks to the "evidence already in the record," which includes Government's Exhibit 14. *See* Dkt. 143 at 123:1-124:5 (the Court admitting Government's Exhibit 14 over Defendant's objection). Exhibit 14 lists 57 fraudulent unemployment claims from May 16, 2020, to February 15, 2021, with names of 14 victims, dates of birth, Social Security numbers, and the total amount of benefits paid out. *Id.* at 124:14-25.

Here, Defendant's response has made no showing that Government's Exhibit 14 was unreliable or inaccurate. Indeed, Government's Exhibit 14 was based on a ledger Officer David Ziegler found in Defendant's vehicle during a traffic stop. *Id.* at 88:15-18. United States Department of Labor Agent Robert Guevara testified he was able to use Defendant's ledger to create a spreadsheet (i.e., Government's Exhibit 14) with "57 unemployment insurance claims filed with []14 Social Security numbers or names from 15 different states." *Id.* at 120:7-9; 123:4-17. Importantly, Agent Guevara made the necessary "nexus" determination by stating the debit cards issued were mailed to the Defendant's address in Tampa, Florida. *Id.* 121:12-122:6.

5

Thus, the Court finds the Government has shown by a preponderance of the evidence that Defendant obtained at least $313,062 in violation of 18 U.S.C. § 1029(a)(2).

Additionally, the Court rejects Defendant's argument that during the trial, the Government only proved Alford made two withdraws from the bank cards. Dkt. 127 at 2. While the Government only had surveillance footage of two instances where Defendant made a fraudulent debit card withdrawal, a jury convicted Defendant after hearing and considering all the evidence, which included Government's Exhibit 14 and the testimony from Agent Guevara discussing all 57 claims. As discussed above, Officer Ziegler and Agent Guevara's testimony clearly shows that the $313,062 Defendant obtained from his 57 fraudulent claims are "proceeds traceable to his crimes." *United States v. Mincey*, 800 Fed. Appx. 714, 729 (11th Cir. 2020).

## CONCLUSION

Accordingly, the Court finds that based on the facts at trial and the jury's finding of guilt on Count One of the Indictment, at least $313,062 in proceeds was obtained by Defendant as a result of his trafficking in and using unauthorized access devices, for which he has been convicted. *See* Dkt. 119.

It is **ORDERED and ADJUDGED** that:

1. The Government's Motion for Preliminary Forfeiture, Dkt. 125, is **GRANTED**.

6

2. It is **FURTHER ORDERED** that, pursuant to 18 U.S.C. § 982(a)(2)(B) and Fed. R. Crim. P. 32.2(b)(2), Defendant shall be held liable for an order of forfeiture in the amount of $313,062.

3. It is **FURTHER ORDERED** that, because the $313,062 in proceeds were dissipated by Defendant, the United States may seek, as substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(e)(1)(B), forfeiture of any of Defendant's property up to the value of $313,062.

4. It is **FURTHER ORDERED** that this Order shall become a final order of forfeiture as to Defendant at sentencing.

5. The Court retains jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

**DONE and ORDERED** in Tampa, Florida, on October 31, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record